734 S.E.2d 652

**In the Matter of Michael D. SHAVO, Respondent.**

**Appellate Case No. 2012–213107.**

**No. 27193.**

Supreme Court of South Carolina.

Submitted Nov. 2, 2012.

Decided Nov. 21, 2012.

Lesley M. Coggiola, Disciplinary Counsel, Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for Respondent Michael D. Shavo.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of any sanction provided by Rule 7(b), RLDE. Respondent requests that any suspension be made retroactive to September 22, 2009, the date of his interim suspension. *In the Matter of Shavo,* 385 S.C. 230, 683 S.E.2d 799 (2009). In light of respondent's cooperation in the investigation of this matter and the recommendation of the investigative panel of the Commission on Lawyer Conduct, we accept the Agreement and suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

### Facts

On August 24, 2010, after the issuance of an indictment, respondent entered a plea agreement and pled guilty to 18 U.S.C. § 1001 (2000) admitting he made a false statement to a governmental agency, that he acted willfully and knowingly, and that the false statement was material to a matter within the jurisdiction of the governmental agency. On May 17, 2011, respondent was sentenced to five (5) years of probation. In addition, he was held jointly and severally liable for restitution in the amount of $483,250.00.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a serious crime); and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### Conclusion

We accept the Agreement for Discipline by Consent and impose a definite suspension of three (3) years, retroactive to September 22, 2009, the date of respondent's interim suspension. Respondent must satisfy all the terms of his criminal sentence, including payment of restitution and completion of probation, before he shall be permitted to file a Petition for Reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.